UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MONIQUE JOY ROBERTS                    CIVIL ACTION NO. 12-cv-1255

VERSUS                                 JUDGE FOOTE

DEWAYNE CARTER, ET AL                  MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Monique Joy Roberts ("Plaintiff"), a self-represented federal prisoner, filed this action on a civil rights complaint form. She names as defendants Cash Money Records (a record label best known for its Hip-Hop and Rap artists), Dwayne "Lil Wayne" Carter, Bryan "Birdman" Williams, and a person named only as Shlonda. Plaintiff alleges that these defendants have read her mind, defamed her in song, and broadcast slanderous remarks and threats over the intercom system at the federal medical center where Plaintiff is housed. For the reasons that follow, it is recommended that the complaint be dismissed as frivolous.

**The Allegations**

Plaintiff was indicted in the Lafayette Division of this court and, after a jury trial, convicted of maintaining a drug-involved premises. She was sentenced at the bottom of the advisory guidelines to a term of 57 months imprisonment, with a recommendation that she be placed in a medical facility where she could received substance abuse treatment and counseling. See U.S. v. Roberts, 08-cr-0368 (Docs. 164 and 193). Plaintiff is currently

housed at the Federal Medical Center Carswell in Fort Worth, Texas, which provides specialized medical and mental health services to female offenders.

Lil Wayne is a rapper and songwriter who recorded a number of albums on the Cash Money label and has sold millions of copies. Bryan "Birdman" Williams is also a successful recording artist and a co-founder of Cash Money Records. Plaintiff describes the defendant identified as Shlonda as Lil Wayne's "mind reading stepmother."

Plaintiff alleges that, for years, Lil Wayne has been slandering her name with allegations that she worked for the Opelousas Police Department or was a federal agent and had called the police on some people in December 2000. Plaintiff denies all of those allegations. Doc. 1.

Plaintiff asserts that Lil Wayne "has some how become able to talk to me over the intercom/wiring system at Carswell." She says that he and Williams and Shlonda have "defamated on" Plaintiff's character in this way and by making several CD's "completely lying on my character claiming that I'm government authority and worse (feds, informant, cops, sex offender, etc.)." Plaintiff asserts that "all day on a every day basis I only basically receive threats to me & my family." Plaintiff suspects that similar threats were made to the lawyers she has tried to hire, explaining why she has had "no luck at a lawyer." Doc. 3.

Plaintiff alleges that Lil Wayne, on a recent CD, sends a message to listeners that Plaintiff is a pedophile. "All of this is being done through his mind reading stepmother who goes by the name Shlonda." And "[b]y her having the ability to mind read people think that these allegations are true." Plaintiff contends that the defendants have "found the use of the

Federal Wiring or the intercom system in the Penal Institution" and use it to slander her character and make brutal and horrifying threats against her children and family. Lil Wayne is accused of making allegations of incest between Plaintiff and her adoptive father, making several attempts on Plaintiff's life by trying to run her off the road, and sending "subliminal messages" through a Fort Worth radio station that threaten and slander Plaintiff. Birdman Williams is accused of making over 7,000 threats to Plaintiff and her children since January 2010. Plaintiff adds: "From what is being told to me through the intercom system at FMC, my aunt Anna Wise Simmons 'pulled strings' to have my sentence extended until further notice when these accusations would become resolved." Doc. 4.

**Authority to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this report and recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in report and recommendation satisfied due process).

Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to plead "enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955 (2007). The complaint must allege enough facts to move the claim "across

the line from conceivable to plausible." Id. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

Rule 12(b)(6) does not ordinarily allow dismissal based on the mere fact that a judge does not believe a complainant's factual allegations. Dismissal has nonetheless been found appropriate when the well-pleaded facts were clearly baseless because they were fanciful, fantastic, or delusional. See e.g. Gallop v. Chaney, 642 F.3d 364 (2d Cir. 2011) (dismissing a complaint that set forth a fantastical alternative history of the September 11, 2011 terrorist attacks); Whitehead v. White & Case, LLP, 2012 WL 1795151 (W.D. La. 2012) (dismissing delusional complaint that alleged a lifelong broad-ranging conspiracy against the plaintiff by scores of federal judges and other persons). Some courts have responded to such complaints by dismissing for lack of subject-matter jurisdiction under Rule 12(b)(1) when the allegations in a complaint are absolutely devoid of merit, wholly insubstantial, obviously frivolous, or no longer open to discussion. See Degrazia v. F.B.I., 316 Fed. Appx. 172 (3d Cir. 2009) (dismissing case based on "fantastic scenarios lacking any arguable factual basis").

Plaintiff is proceeding in forma pauperis in this case, so 28 U.S.C. § 1915(e) allows the court to review and dismiss the complaint if it is frivolous, malicious, or fails to state a claim on which relief can be granted. The statute allows a claim to be dismissed as frivolous if it lacks any arguable basis in law or fact. A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a

complaint relies is indisputably meritless." Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009), quoting Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

**Dismissal is Warranted**

This complaint warrants swift dismissal to avoid any further waste of the court's time processing filings in this case, which have a tendency to multiply quickly in cases of this nature. Plaintiff's allegations are plainly delusional and similar to those often seen in cases filed by mentally ill plaintiffs who believe that entertainers and other celebrities are talking to or about them in popular songs, movies, or television shows. The court is not aware of a single such claim that has ever been other than delusional.

**Sanctions Warning**

If this case is dismissed as frivolous, as recommended, it will count as one of the three "strikes" permitted under 28 U.S.C. §1915(g). If Plaintiff accumulates three or more strikes for filing frivolous complaints or appeals in forma pauperis, she will no longer be able to file in forma pauperis unless she is in imminent danger of serious physical injury. The court also has inherent authority to structure other sanctions that are necessary or warranted to control its docket and maintain the orderly administration of justice. See Whitehead v. White & Case, LLP, 2012 WL 1795151, *4 (W.D. La. 2012).

Plaintiff is warned against making any future frivolous filings. Such complaints, and there are all too many of them, consume the resources of the court and the community and delay justice for citizens who have legitimate business before the court. If Plaintiff continues

to file frivolous matters, a sanction adequate to deter such wasteful abuse will be recommended.

Accordingly,

**IT IS RECOMMENDED** that the complaint in this action be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE